UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| 40 LAKEVIEW DRIVE, LLC, | : | **On Appeal From:** |
| | : | Case No. 13-16624 |
| Debtor. | : | Adv. Pro. 16-01102 |
| | : | Hon. John K. Sherwood, U.S.B.J. |
| | : | |
| GRACE S. WONG, | : | |
| | : | |
| Appellant, | : | |
| | : | Case No. 2:19-cv-18839-BRM |
| v. | : | Hon. Brian R. Martinotti, U.S.D.J. |
| | : | |
| ROBERT J. MANCINELLI | : | |
| | : | |
| | : | **OPINION** |
| Appellee. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Appellant Grace Wong's ("Appellant") Notice of Appeal (ECF No. 1) regarding both the September 19, 2019 Order Denying Plaintiff's Motion to Reopen the Adversary Proceeding (ECF No. 1) and the underlying May 25, 2016 Order Dismissing Adversary Proceeding. (ECF No. 1-1.) Appellant filed her appeal with this Court on October 7, 2019 (ECF No. 1 at 1) and filed her Designation of Record on October 22, 2019 (ECF No. 2). Having reviewed Appellant's submissions filed in connection with the appeal and for the reasons set forth below, this appeal (ECF No. 1) is **DISMISSED FOR LACK OF JURISDICTON.**

**I. NOTICE OF APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the date

of the entry of the order appealed from. Fed. R. Bankr. P. 8002(a)(1); *see also In re Lin*, No. 15-1335, 2015 WL 6687997, at *1 (D.N.J. Oct. 30, 2015). The bankruptcy court may extend this time pursuant to Rule 8002(d) "upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). *In re 40 Lakeview Drive, LLC*, 716 F. App'x 136, 138 (3d Cir. 2018).

Appellant is fully aware of her obligations under this Rule. In *In re 40 Lakeview Drive, LLC*, the Third Circuit affirmed the district court's dismissal of Ms. Wong's bankruptcy appeal, filed May 26, 2017, appealing a May 9, 2017 order. *Id.*

The Court faces a similar timeline here as to the September 19, 2019, while the appeal of the May 25, 2016 order is undoubtedly out of time. Appellant filed the notice of appeal more than fourteen days after the September 19, 2019 order denying Appellant's motion to reopen (ECF No. 1-2) and more than three years after the original May 25, 2016 order dismissing her suit (ECF No. 1-1). Appellant failed to move before the bankruptcy court for an extension of time to file her appeal pursuant to Fed. R. Bankr. P. 8002(d)(1) and failed to demonstrate "excusable neglect" for the delay, which she knows she is required to show.[1] *In re 40 Lakeview Drive, LLC*, 716 F. App'x at 138. Therefore, the appeal filed with this Court on October 7, 2019 (ECF No. 1 at 1) is untimely. Given that the "prescribed timeline within which an appeal from a bankruptcy court must be filed is

---

[1] Indeed, the first and only extension Appellant sought was filed before this Court on December 13, 2019—five days after her brief was due and over two months after the filing of the appeal—asking for additional time to file her brief. No extension to file her appeal was ever sought before the bankruptcy court as required, and the extension request, which was comprised of one sentence, made no mention "excusable neglect."

mandatory and jurisdictional," this court lacks subject matter jurisdiction to consider the merits of Appellant's appeal. *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011).[2]

## II. CONCLUSION

For the reasons set forth above, Appellant's appeal is **DENIED**. An appropriate order accompanies this opinion.

Date: September 30, 2020               */s/ Brian R. Martinotti*
                                       **HON. BRIAN R. MARTINOTTI**
                                       **UNITED STATES DISTRICT JUDGE**

---

[2] Appellant had the means under Fed. R. Bankr. P 8002(d)(1) to extend the time to appeal, yet did not. Though there are cognizable difficulties in pursuing litigation *pro se*, "there are no equitable exceptions to jurisdictional requirements such as the one governing the time to appeal final orders of bankruptcy courts." *In re Samson Resources Corporations*, 726 Fed.Appx. 162, 165 (3d Cir. 2018). Appellant's *pro se* status does not relax this jurisdictional requirement. *Wong v. Blasé*, 2014 WL 4896975, at *5 n.3 (D.N.J. Sept. 29, 2014). The Third Circuit has consistently applied this jurisdictional timeliness requirement in cases involving *pro se* appellants in bankruptcy proceedings. *In re Hussain*, 532 F. App'x 196, 197 (3d Cir. 2013); *In re Jacobwitz*, 384 F. App'x 93, 94 (3d Cir. 2010); *In re Coppedge*, 619 F. App'x 57, 58-59 (3d Cir. 2015).